UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOEL DOBIS,

      Plaintiff,

v.

      Case No.  2:17-CV-96

      HON. GORDON J. QUIST

VILLAGE OF CALUMET,

      Defendant.

                           /

## MEMORANDUM REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      Plaintiff, Joel Dobis, alleges that Defendant, the Village of Calumet, discriminated against him in violation of the Age Discrimination in Employment Act (ADEA),  29 U.S.C. § 621 *et seq.*, and the Michigan Elliott-Larsen Civil Rights Act (ELCRA), M.C.L. §§ 37.2101, *et seq.*, when it terminated him from his position as the Village's Police Chief and hired a younger candidate during the second round of hiring for that position.  The Village filed a motion for summary judgment as to both claims. On May 31, 2018, the Court heard oral argument on the motion, during which it raised the issue of whether the Village had the threshold number of employees (20) under 29 U.S.C. § 630(b) to render it an employer for purposes of the ADEA.  Following the hearing, the Court ordered additional discovery regarding the Village's status as an employer.  (ECF No. 34.)

      The parties conducted discovery on the employer issue and have filed supplemental briefs in accordance with the May 31, 2008, Order.  Not surprisingly, the parties dispute whether the Village had the requisite number of employees to qualify as an employer under the ADEA.  In particular, the parties dispute whether the volunteer firefighters qualify as employees—a critical factual determination to the Village's employer status.  However, the Court need not address the

issue—which, as the Court noted in its May 31, 2018, Order (*id.* n.1), is not jurisdictional—because, as set forth below, Dobis's claims fail on other grounds.

Because the parties are familiar with the background, a detailed factual recitation is unnecessary. In short, however, the Village hired Dobis as its Police Chief in July 2016. On January 17, 2017, the Village Council, composed largely of newly elected Trustees, voted 5-2 to terminate Dobis's employment and re-start the search for a new Police Chief because Dobis lacked a Michigan Commission on Law Enforcement Standards (MCOLES) certification at the time he was hired. After conducting a second search and interviewing two candidates—Dobis and Keith Anderson—the Village selected Anderson, who was significantly younger than Dobis. Dobis claims that both decisions—the January 17, 2017, termination decision and the decision to hire Anderson—were based on unlawful age discrimination.

### *Direct Evidence*[1]

Dobis fails to present direct evidence of age discrimination. Direct evidence proves the existence of a fact without the need for inferences. *Scheick v. Tecumseh Publ. Schs.*, 766 F.3d 523, 530 (6th Cir. 2014). To constitute direct evidence of discrimination, the age-related statement or remark must be made by a decisionmaker responsible for the adverse employment decision or by someone, such as a supervisor, who had input into or influenced the decision. *Richardson v. Wal-Mart Stores, Inc.*, 836 F.3d 698, 703 (6th Cir. 2016) (citing *Geiger v. Tower Auto.*, 579 F.3d 614, 621 (6th Cir. 2009)); *Sharp v. Aker Plant Servs. Grp., Inc.*, 726 F.3d 789, 797–98 (6th Cir. 2013)).

Statements by Council President Geisler to Village Council members that they could not consider age in making the hiring decision are not direct evidence of age discrimination. In fact,

---

[1] Age discrimination claims under the ELCRA are analyzed in the same manner as claims under the ADEA. *See Bondurant v. Air Line Pilots Ass'n, Int'l*, 679 F.3d 386, 394 (6th Cir. 2012). Therefore, a single analysis will be used for both claims.

2

they show the opposite. Dobis cites no case for the proposition that such statements can be considered direct evidence of age discrimination. Although Dobis suggests that President Geisler's comments were in response to age-related comments by one or more Trustees, he cites no evidence to support such claim. In fact, Geisler testified that he told the Trustees about protected classes several times and explained that they could not be used for employment decisions. In explanation, Geisler said that he came from a corporate background in which he had received training on employment matters, whereas other members did not have a similar background. (ECF No. 25-9 at PageID.292–93.) Furthermore, Geisler's apparent preoccupation that age not be considered may have been in response to a comment from someone in the audience at the March 2, 2017, Village Council meeting expressing a preference for a younger candidate. Geisler informed the audience member that the Council could not consider age in making its decision. Finally, Supervisor Tarvis opined that the driving force in the decision to hire Anderson was not age, but that Dobis "wasn't from here (Calumet)." (ECF No. 25-12 at PageID.318.)

Trustee Johnson's statement at the March 13, 2017, Personnel Committee meeting also is not direct evidence of age discrimination. Johnson was not present during the March 8, 2017, meeting at which the Village Council voted to hire Anderson instead of Dobis, and she did not participate in the hiring decision. While Johnson was a decisionmaker in the January 17, 2017, decision to terminate Dobis's employment, there is no evidence that the Village Council's decision had anything to do with age; instead, the Village Council was concerned about the legality of Dobis's hire while he was not MCOLES certified, and it concluded that terminating Dobis's employment and starting the search anew was the proper way to proceed. The minutes of the meeting show that, while Johnson voted in favor of the termination, she neither made nor seconded the motion to terminate Dobis's employment. And, perhaps most significant, Johnson was only one of five votes in favor of the termination. Dobis has not shown any age-related animus by the other

3

Trustees who voted in favor of termination. *See Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1184 (10th Cir. 2006) (noting that even if a remark evinced racial animus, it "was made by only one of the four individuals that decided to terminate [the plaintiff], and no overt racial animus is attributed to any of the other decisionmakers"); *Murthy v. Shinseki*, No. 08-CV-2015, 2010 WL 2178559, at *7 (C.D. Ill. May 28, 2010) (noting that even if a decisionmaker's comment concerned the plaintiff's age, that decisionmaker was only one of five panel members who interviewed the plaintiff and made the hiring decision). And, even if Johnson is considered a decisionmaker for the termination decision, Johnson's comment at the March 13, 2017, Personnel Committee meeting had nothing to do with termination or hiring. Instead, it was made after Anderson had been hired and in the context of a discussion of compensation for the Police Chief. Moreover, there is no evidence that Johnson was speaking for anyone other than herself when she made the "younger police officers" comment or that other Trustees had adopted her views. (ECF No. 25-10 at PageID.300.) Thus, Johnson's comment had nothing to do with the hiring decision.[2]

### *Circumstantial Evidence*

Assuming that Dobis can establish a prima facie case of age discrimination, he fails to show that the Village's legitimate nondiscriminatory reasons for both terminating Dobis and hiring Anderson over Dobis are pretext. "An employee can show pretext by offering evidence that the employer's proffered reason had no basis in fact, did not actually motivate its decision, or was never used in the past to discharge an employee." *Smith v. Chrysler Corp.*, 155 F.3d 799, 805–06 (6th Cir. 1998). To show pretext, Dobis relies on Johnson's statement about "younger police officers" and Geisler's statements to Trustees that they could not consider age in making employment decisions.

---

[2]Citing *Sharp v. Aker Plant Services Group, Inc.*, 726 F.3d 789 (6th Cir. 2013), Dobis argues that in making her statement, Johnson was giving a justification for the Village Council's decision to hire Anderson. But as Johnson was not a decisionmaker and could not speak for the other Trustees who voted to hire Anderson, Johnson had no basis to provide a retrospective description of the decision-making process.

4

As noted above, however, Johnson's statement and President Geisler's remarks, considered alone, together, or in combination with other record evidence, do not support an inference of age discrimination, nor do they undermine the Village's legitimate reasons. In spite of Dobis's arguments, the evidence is undisputed that the sole reason for Dobis's termination was the MCOLES issue.[3]

As for the decision to hire Anderson, Dobis argues that a "clear disparity" existed between his and Anderson's qualifications. "[W]hen qualifications evidence is all (or nearly all) that a plaintiff offers to show pretext, the evidence must be of sufficient significance to call into question the honesty of the employer's explanation." *Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 627 (6th Cir. 2006) (citing *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 576 (6th Cir. 2003) (en banc)). In other words, to show pretext based on qualifications, the plaintiff must show that he was significantly better qualified for the job. *Wexler*, 317 F.3d at 577. Dobis fails to make this required showing:

- Although Dobis had more years of experience than Anderson, Dobis had not worked in law enforcement for almost 15 years. Anderson was working as a welder at the time he applied for the position, but Anderson had worked in law enforcement more recently than Dobis and, in fact, had worked part-time for the Village in 2015.

- Dobis argues that he had command experience, while Anderson did not, but command experience was not important to the position as the Police Chief is the only police officer on duty. The same is true when the part-time police officer is on duty.

- Anderson had certifications (radar, preliminary breath test, and DataMaster) that Dobis did not have.

---

[3]Dobis argues that the Village cannot show that its termination decision was based in fact because the Village lacks the foundation to say whether the hiring was illegal or not and the Village relies on inadmissible hearsay to prove this point. This argument lacks merit, as it is undisputed that Dobis was not MCOLES certified at the time he was hired, and whether or not his hiring was illegal is irrelevant. Under these circumstances, the honest belief rule applies: "Where the employer can demonstrate an honest belief in its proffered reason . . . the inference of pretext is not warranted." *Joostberns v. United Parcel Servs., Inc.*, 166 F.3d 783, 791 (6th Cir. 2006). "Under the honest belief rule, an employer's proffered reason is considered honestly held where the employer can establish it reasonably relied on particular facts that were before it at the time the decision was made." *Id.* (quotation marks and brackets omitted). Dobis offers no basis to conclude that the Village's legal assessment was wrong.

- The Village Council had Thornton's report detailing issues with Dobis's performance as Police Chief (between the time of his hire and his termination) and raising concerns about Dobis's use of Village funds and property.

Finally, Dobis's argument that Johnson's and President Geisler's statements evince a "municipal state-of-mind biased against hiring older individuals" (ECF No. 29 at PageID.355) is without merit. The Village's hiring of two younger part-time officers does not show a bias in favor of younger workers, as the two part-time officers were the only applicants for their positions. (ECF No. 30-3 at PageID.486.)

Accordingly, for the foregoing reasons, the Court will grant the Village's motion for summary judgment.

A separate Order will enter.


Dated: July 24, 2018                                         /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE